**COASTAL CHEMICAL COMPANY, Inc.,**
**Plaintiff,**

v.

**DUST–A–WAY, INC., Defendant,**
**Edward J. Brenner, Commissioner of**
**Patents, Intervener.**

**No. C–65–51.**

United States District Court
W. D. Tennessee, W. D.

Jan. 6, 1967.

Mason, Fenwick & Lawrence, Washington, D. C., D. Glynne Owen, Memphis, Tenn., for plaintiff.

Heiskell Weatherford, Jr., Memphis, Tenn., for defendant.

Thos. L. Robinson, U. S. Atty., Memphis, Tenn., for intervener.

## OPINION

ROBERT M. McRAE, Jr., District Judge.

In this cause the plaintiff, Coastal Chemical Company, Inc., filed suit seeking concurrent use registration for the plaintiff and defendant in restricted areas of the United States. The suit is brought pursuant to Title 15 U.S.C. § 1071.

The plaintiff (hereinafter referred to as prior user) began the use of the trademark "PINEAIRE" on or about July 23, 1949, in the area embraced by the states of Georgia, Florida, Alabama, North Carolina and South Carolina. The defendant, Dust-A-Way, Inc., (hereinafter referred to as prior registrant) is the assignee of a trademark registration dated June 21, 1954. Its assignor had begun the use of the trademark "PINE-AIR" on or about May 2, 1951, and had made use of the trademark prior to and subsequent to the issuance of the registration in the area embraced by the states of Tennessee, Arkansas, Mississippi, Illinois, Kentucky, Louisiana, Missouri, and Ohio. The prior user applied for a registered trademark April 7, 1959, which was denied on the basis of similarity to the mark of the prior registrant. Subsequent thereto and within five years from the issuance of the registration, the prior user filed a cancellation proceeding in the Patent Office seeking cancellation of the prior registration. Before an answer was filed in the cancellation proceeding, the parties filed a joint petition requesting a suspension of the cancellation proceeding for the purpose of filing a concurrent use proceeding in the Patent Office. This suspension was ordered by the Patent Office. Upon stipulated facts, a concurrent use proceeding was filed seeking exclusive use of the trademark in the respective geographical areas of each. The matter was referred to the Trademark Trial and Appeal Board. The Board approved the issuance of exclusive concurrent registrations for each party in the respective geographical area awarded each and recommended that the

Commissioner of Patents issue registrations accordingly.

The matter was reviewed in behalf of the Commissioner of Patents by an Assistant Commissioner. The exclusive concurrent use registrations were approved; however, as a condition of the issuance thereof, the prior registrant was found to be entitled to have its registration cover all of the United States except the specified states in which the prior user was awarded a concurrent use registration. The prior user in this cause by its original complaint seeks the issuance of concurrent use registrations for the agreed upon areas and the cancellation of the registration for the area of the United States exclusive of the stipulated respective territories. By amendment to the complaint, it further seeks from this Court a direction that it, the prior user in five states, be granted a registration for the remainder of the United States.

It is the contention of the prior registrant that this Court should make a finding and holding similar to that made by the Commissioner of Patents. The Commissioner of Patents has intervened in this cause and joined issue with the allegations of the complaint which pertain to the findings and rulings of the Commissioner of Patents insofar as his statutory powers are concerned.

This cause was tried *de novo* on the same stipulation of facts presented in the concurrent use proceeding in the Patent Office and upon the record of the various proceedings in the Patent Office. It should be noted that the cause did not arise by virtue of an infringement of a trademark and, further, that there are no disputed facts. In addition to oral argument, briefs and supplemental memoranda have been submitted by the parties.

The contested issue between the parties plaintiff and defendant in this case is the right to the area of the United States exclusive of the agreed upon stipulated areas in which the parties have used their separate marks. This issue addresses itself to the respective rights of a prior user and a prior registrant. It is significant in this case that no proof has been offered or adduced suggesting that either party has any present intention of using its trademark in any state or area not included in those stipulated. This eliminates any consideration of those cases wherein the normal expansion of business is a determining factor.

Much of the argument of counsel has concerned the power of this Court and the Commissioner of Patents in the light of the statutory provisions pertaining to trademarks. The Commissioner of Patents is authorized to determine and fix the conditions and limitations which pertain to rights of the parties when a concurrent use has been found to have been proper. 15 U.S.C. § 1068. This Court is of the opinion that in a case of this kind the Commissioner has the statutory power to exceed and differ with the recommendations of the Trademark Trial and Appeal Board. However, based upon the facts and law in the instant case, this Court respectfully disagrees with the holding of the Commissioner of Patents in which the latter granted the prior registrant registration for all of the United States except those states in which the prior user had used its trademark in fact.

In the instant case, it is the opinion of this Court that the parties should be granted concurrent use of their respective trademarks in the areas in which each has been the actual user. The ownership of a trademark is based upon its use not its registration. United Drug Company v. Theodore Rectanus Company, 248 U.S. 90, 39 S.Ct. 48, 63 L. Ed. 141 (1918). In American Foods, Inc. v. Golden Flake, Inc., 312 F.2d 619 on page 627 (CA 5, 1963), the Court said:

" * * * The Lanham Act makes registration notice but it did not supplant the prior law as exemplified by Hanover Star Milling Company, and United Drug Company, supra, and take plaintiff's mark beyond where it had been used.

"The ancient observation that each trade-mark case must be decided upon its own facts still obtains, * * *."

 This Court is of the opinion that the same principle of law, namely the ownership of a trademark depends upon its use, confines the prior user in this case to the territory of its actual use. This is particularly true under the facts of the instant case wherein the prior user sought a registration for the entire United States by a belated amendment in spite of its inconsistency with the relief sought in the proceedings in the Patent Office.

 The opinion of the Assistant Commissioner of Patents indicated that the award to the prior registrant of the unused portion of the United States was justified in part upon the delay of the prior user in taking appropriate action, in light of the issuance of the registration and its notice to the prior user. The Court is not unmindful of 15 U.S.C. § 1069 wherein equitable principles in laches, estoppel and acquiescence may be considered and applied. However, in the instant case there is no suggestion that either party was other than a "good faith" user of its own trademark, nor is there any suggestion that the prior user had actual notice of the prior registrant's mark or its use. Each has been contented with limited geographical use. The commencement of the actual use of the respective marks in interstate commerce by each party is relatively proximate, 1949 and 1951. The prior user after being denied a registration did file a cancellation proceeding within the time designated by Congress, five years from the issuance of the prior registration. Furthermore, the prior user has pursued his rights in the Patent Office and the courts for a period that now exceeds seven and one-half years.[1]

The Court is of the opinion that the existing registration of the prior registrant should be limited and restricted to the area embraced by Tennessee, Arkansas, Mississippi, Illinois, Kentucky, Louisiana, Missouri and Ohio, and that a concurrent use registration should be issued to the prior user for the area embraced by Georgia, Florida, Alabama, North Carolina and South Carolina.

 This Court is further of the opinion that its jurisdiction in the instant case includes the complete adjudication of all of the respective existing rights of registration of the parties, that the concurrent use registrations provided above constitute the complete existing rights of the parties and that the suspended cancellation proceeding in the Office of the Patent Commissioner should be dismissed.

---

1. The prior user first applied for a registered mark April 7, 1959. In addition to initiating the cancellation proceeding and concurrent use proceeding in the Patent Office, the prior user filed suit in the District Court of the District of Columbia seeking a review of the Commissioner's ruling pursuant to the Administrative Procedure Act, 5 U.S.C. § 1009. That court ruled that the prior user should seek remedy pursuant to the Patent and Trademark section of the Code, which ruling prompted this action.